HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH ESSILFIE,

    Plaintiff,

v.

ELIZABETH KRACEN MD,

    Defendant.

CASE NO. C18-828 RAJ

ORDER

This matter comes before the Court upon the United States' Motion to Dismiss. Dkt. # 7. For the reasons set forth below, the Court **GRANTS** the Motion to Dismiss.

**I.    BACKGROUND**

This lawsuit arises from Plaintiff's encounters with his doctor, Defendant Dr. Kracen. During her care of the Plaintiff, Dr. Kracen was employed as a treating physician at Neighborcare Heath, a federally funded healthcare clinic located in Seattle, Washington deemed eligible for Federal Tort Claims Act malpractice coverage. Dkt. # 8 at pp. 1-2, ¶ 5. On March 5, 2018, Plaintiff filed a Complaint in King County Superior Court alleging that he approached Dr. Kracen with a request to check his blood for poison. Dkt. # 1-4 at 1. Plaintiff alleges Dr. Kracen "refused several times," then referred him to the University of Washington Occupational Medicine Clinic for further

ORDER- 1

treatment, but later withdrew the referral.[1]  *Id*.  Plaintiff alleges Dr. Kracen's conduct indicated she wanted him dead, and accordingly asserts an intentional infliction of emotional distress claim against her.  *Id.* at 2.  Plaintiff seeks $10,000,000 in damages.  *Id*.

Plaintiff initially filed in state court, but Dr. Kracen later removed this action to this Court.  Dkt. # 1. On June 13, 2018, the United States moved to dismiss pursuant to Fed. R. Civ. P. 12 (b)(1).[2]  Dkt. # 7.  Plaintiff's response was due July 2, 2018, but Plaintiff did not file any response by this deadline.  Instead, Plaintiff filed a "letter" stating that he would appear before the Court on July 24 on direction by "Defendants' attorney."  Dkt. # 10. The United States later filed a "status memorandum" explaining that they gave no such direction.  Dkt. # 11.  Plaintiff finally filed a Response on August 7, 2018.  Dkt. # 11.  The United States did not file a reply.

**II.    DISCUSSION**

The United States has moved to dismiss this case for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).  A federal court is presumed to lack subject matter jurisdiction until the plaintiff establishes otherwise.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v.*

---

[1] Correspondence from the University of Washington Occupational and Environmental Medicine Clinic, which Plaintiff attaches as exhibits to his Complaint, confirms Dr. Kracen referred Plaintiff to the University of Washington clinic, but the clinic elected not to schedule an appointment for the Plaintiff because it did not have "the necessary and/or appropriate service or specialist to treat [Plaintiff] at this time."  Dkt. # 1-4 at 5.

[2] The Unites States defends this action due to Dr. Kracen's status as an employee at a federally funded health clinic.

*Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Because Plaintiff is proceeding *pro se*, the Court must construe his pleading liberally, and the pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, *pro se* litigants are still "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**A. The Court Lacks Jurisdiction Over Plaintiff's Claims**

The United States seeks to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) based on Plaintiff's failure to exhaust his administrative remedies, thereby denying this Court subject matter jurisdiction. Dkt. # 7 at 1. The Federal Tort Claims Act ("FTCA") is the exclusive remedy for state law torts committed by federal employees within the scope of their employment. 28 U.S.C. § 2679(b)(1). Under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(a), employees of federally funded medical clinics are deemed to be federal employees for purposes of the FTCA.

The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Specifically, the FTCA provides: "An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . ." 28 U.S.C. § 2675(a). Failure of an agency to make final disposition of a claim within six months is deemed to be a final denial of the claim. *Id.* "The requirement of an administrative claim is jurisdictional." *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). "Because the requirement is jurisdictional, it must be strictly adhered to." *Id.*

"This is particularly so since the FTCA waives sovereign immunity." *Id.* On this issue, the statutory language is clear that a court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely. *McNeil,* 508 U.S. at 111.

In this case, Plaintiff's Complaint fails to establish that the Court has subject matter jurisdiction, because Plaintiff has failed to show that he has exhausted his administrative remedies under the FTCA. Plaintiff did not file an administrative tort claim with the United States Department of Health and Human Services ("HHS")—the appropriate agency in this case—before filing suit in court. Dkt. # 8 at p. 1, ¶¶ 3-4. Moreover, Plaintiff did not file a timely response to the Motion to Dismiss; accordingly, the Court considers Plaintiff's lack of response as an admission that the Motion to Dismiss has merit. W.D. Wash. Local Civil Rule 7(b)(2). However, even if the Court were to consider Plaintiff's untimely Response (Dkt. # 12), it would reach the same result. Plaintiff's Response is a two-page filing that does not dispute the basic jurisdictional arguments of the Motion to Dismiss. Dkt. # 12. Plaintiff apparently concedes that Dr. Kracen is a "federal employee," but asserts that the Court should reject the Motion to Dismiss because he was not initially given a "doctor-patient law form" by Dr. Kracen. Dkt. # 12 at 2. This is not a legal requirement of the FTCA, nor does it diminish or excuse Plaintiff's failure to exhaust his administrative remedies.

Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claims. The United States' Motion to Dismiss is **GRANTED**. Dkt. # 7.

**B. The Court Grants Plaintiff Leave to Amend**

Dismissal of a *pro se* complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment. *Terrell v. JPMorgan Chase Bank N.A.*, C14-930 MJP, 2014 WL 5449729, at *1 (W.D. Wash. Oct. 24, 2014) (citing *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002)). "A district court,

however, does not abuse its discretion in denying leave to amend where amendment would be futile." *Id*.

The Court is skeptical that Plaintiff can overcome the jurisdictional deficiencies in his Complaint. Nonetheless, in considering Plaintiff's *pro se* posture, the Court finds it premature to dismiss this case with prejudice at this juncture. The United States does not argue that permitting leave to amend would be futile, and indeed requests this Court dismiss the Complaint "without prejudice." Dkt. # 7 at 5. The Court shall thus afford Plaintiff one opportunity to amend his Complaint to cure the deficiencies identified above. **Plaintiff shall file his amended pleading no later than two weeks after the date of this Order**. If Plaintiff fails to adequately allege subject matter jurisdiction, or if Plaintiff fails to file an amended pleading by this deadline, this Court will dismiss this action with prejudice either *sua sponte* or by motion.

### III. CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss is **GRANTED.** Dkt. # 7. Plaintiff shall file an amended pleading within two weeks of the date of this Order; otherwise, the Court will dismiss this case with prejudice.

Dated this 31st day of August, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge